UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VALAINE R. CARROLL                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:05-CV-108-S

JOHN E. POTTER, POSTMASTER GENERAL                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon motion of the plaintiff, Valaine Carroll ("Carroll"), for reconsideration of this court's November 6, 2007 judgment dismissing her claims against the defendant, John E. Potter, the Postmaster General of the United States Postal Service ("Postal Service"). For the reasons stated herein, Carroll's motion will be denied.

Carroll asserts that her Title VII claim for retaliation was improperly dismissed by the court because she has proven by a preponderance of the evidence that the Postal Service's proffered legitimate, non-discriminatory reason for suspending her and proposing a reduction in her pay has no basis in fact, did not actually motivate the suspension and proposed reduction in pay, and was insufficient to motivate the suspension and proposed reduction in pay. The Postal Service maintains that it suspended her and proposed a reduction in her pay because she was one of two supervisors that received the most unaccounted for leave time, over 160 hours each. The court determined that Carroll failed to show that such reason was pretextual.

In her deposition testimony Plaintiff stated that another employee, Althea Palmer "had a whole lot more hours involved than I did and she had no discipline." Carroll has also provided the court with a copy of the EEOC complaint filed by Jesse Palmer, the other supervisor suspended along with Carroll, which alleges that Althea Palmer had 240 hours of of unaccounted for leave time. Carroll contends that

the Postal Service's reason for disciplining her was pretextual because Althea Palmer had more hours of unaccounted for leave time and was not similarly disciplined .

Aside from Carroll and Jesse Palmer's allegations, the record does not indicate that Althea Palmer had more unaccounted for leave time. According to the EEO Investigative Summary conducted with respect to Carroll's EEO complaint, Carroll had 288 hours of improperly recorded leave time, Jesse Palmer had 160 hours of improperly recorded leave time, and Althea Palmer had 138 hours of unaccounted for leave time. The Postal Service disciplined the two greatest offenders, one of them an individual which, at the time the disciplinary action was taken, had never engaged in EEO activity. Accordingly, the court finds that Carroll has failed to establish pretext.

Moreover, even if Althea Palmer did have more unaccounted for leave time than Carroll, Carroll does not dispute that Althea Palmer was not similarly situated to her in that Althea Palmer was not an active employee at the time of the investigation and finding of improperly recorded leave time. Carroll has failed to establish that the Postal Service's consideration of this fact when issuing discipline for the improperly recorded leave time was pretext.

For these reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Carroll's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED** this